UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LIONEL ALEXANDER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-90 |
| | § | |
| OFFICER FORSAB, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **OPINION AND ORDER DISMISSING CASE**

This case was filed as a civil rights action by a Texas state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, Plaintiff's claims against Defendants are dismissed for failure to state cognizable § 1983 claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.     JURISDICTION.

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Upon consent of the Plaintiff (D.E. 13), this case was referred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 15).  *See* 28 U.S.C. § 636(c).

## II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently confined at the McConnell Unit (MCU) in Beeville, Texas.  He is serving a life sentence for two counts of attempted sexual assault, enhanced, entered in Cause No. F-0401414-NH in Dallas County, Texas on October 14, 2004.

Plaintiff filed his original complaint on February 17, 2015, alleging that Defendants Officer Forsab and Officer Santilliana negligently, recklessly, and/or in violation of TDCJ policy, lost his personal property in violation of his constitutional rights. (D.E. 1).  Plaintiff claimed also that portions of his lost personal information were unlawfully disseminated and even used against him in a false disciplinary case, causing him emotional distress.  Finally, Plaintiff alleged that the loss of his personal property

resulted in the unlawful compromise of personal information concerning his family and friends, in violation of their privacy rights.

A *Spears*[1] hearing was conducted on April 14, 2015, and on April 20, 2015, Plaintiff filed a copy of his Step 1 and Step 2 grievances complaining to MCU officials about the loss of his personal property. (D.E. 11).

On May 4, 2015, Plaintiff filed a "Notice of Clarification," in which he set forth his constitutional arguments concerning property loss, as well as his allegations that Defendants' conduct violated TDCJ policy and procedure. (D.E. 12).

The following allegations were made in Plaintiff's original complaint (D.E. 1), at the *Spears* hearing, in his MCU grievances (D.E. 1, pp. 8-11, D.E. 11, pp. 2-5), or Clarification (D.E. 12):

On October 9, 2014, Plaintiff was placed on the night medical chain to Hospital Galveston. Officer Forsab, the 7-Building desk sergeant, was charged with packing and inventorying Plaintiff's personal property. Officer Forsab signed the Property Inventory form, and Officer Santilliana certified that Officer Forsab had packed and inventoried Plaintiff's property, and he also signed the Property Inventory form. (*See* D.E. 1, p. 13).

On October 14, 2014, Plaintiff returned from Hospital Galveston and spoke to the Property Room personnel about his belongings. The Property Room staff told Plaintiff that Officer Forsab had packed Plaintiff's property and taken it to the Building Supply Room, not the Property Storage Room. As a consequence thereof, the Property Room

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

did not have Plaintiff's property, nor did the Property Room even have a record of Plaintiff's Property Inventory form because the copies had been placed in the bags with Plaintiff's property.

On October 14, 2014, Plaintiff filed a Step 1 grievance, Grievance No. 2015026141, stating that he had talked with the Property Room supervisor, Officer Machaca, but that he was told nothing could be done about Plaintiff's missing property because Officer Forsab had failed to bring it to the Property Storage Room. (D.E. 11, pp. 2-3). Warden Putnam denied this grievance finding no evidence of staff misconduct and noting also that "all property" was returned to Plaintiff. (D.E. 11, p. 3). Plaintiff filed a Step 2 appeal and it was denied by the Region IV grievance investigator. (D.E. 11, pp. 4-5).

On October 27, 2014, Plaintiff filed a Step 1 grievance, Grievance No. 2015033481, relating that on October 25, 2014, he had spoken with Officer Forsab about his missing property. (D.E. 1, pp. 8-9). Officer Forsab told Plaintiff that, after packing and inventorying his property, it was no longer his responsibility, and the Property Room personnel related they had no written inventory concerning his belongings. (D.E. 1, pp. 8-9). Warden Putnam denied this grievance stating that "[r]ecords show that your property did not leave your possession." (D.E. 1, p. 9). Plaintiff filed a Step 2 appeal and it was denied. (D.E. 1, pp. 10-11).

According to Plaintiff, his personal property included the following items: One (1) AM/FM Radio; One (1) Pair of Headphones; Three (3) Bags of Chips; Three (3) Cookies; One (1) Lotion; One (1) Detergent; Three (3) Coffee; Three (3) Commissary Bags; Three

(3) Toothbrushes; One (1) Typewriter; One (1) Fan; Several Letters from Detroit and Dallas; Photographs; Legal Work; Parole Decisions; Eight (8) Stamps; and One (1) Writing Pad.  (D.E. 1, p. 9, 13).  Plaintiff testified that he did not file an action in state court for conversion against Defendants or the TDCJ.  Through this lawsuit, Plaintiff is seeking compensation "for the loss of private and personal information in my letters, causing emotional discomfort," and the return of his other items. (D.E. 1, p. 4).

### III.   LEGAL STANDARD.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983).   There is no vicarious or *respondeat superior* liability of supervisors under section 1983.  *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987).  *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).  For a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal

link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). Establishing a supervisor's deliberate indifference generally requires a plaintiff to demonstrate "at least a pattern of similar violations." *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 427 (5th Cir. 2006) (citations omitted).

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

## IV. DISCUSISSION.

Plaintiff is suing Officer Forsab and Officer Santilliana alleging that they failed to handle properly his personal property resulting in its loss, and that this was done negligently and/or recklessly, and in violation of TDCJ's rules and regulations such that he is entitled to damages. He also claims that his lost personal information was used improperly causing him emotional damages for which he is entitled to compensation. Finally, he claims that his family and friends have been harmed by the potential exposure of their personal information via the loss of his personal letters.

###### A.     Eleventh Amendment immunity and official capacity claims.

Plaintiff did not indicate whether he is suing Defendants in their official or individual capacities, so it is assumed he is suing them in both.

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  The Eleventh Amendment, however, bars claims for money damages against a state or state agency.  *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998).  As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Indeed, the Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities.  *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff is suing Officer Forsab or Officer Santilliana in his official capacity for monetary damages, those claims are barred by the Eleventh Amendment. Accordingly, those claims are dismissed with prejudice as barred by the Eleventh Amendment.

### B.     Loss of Property.

Plaintiff claims that Defendants negligently or recklessly lost his personal property and belongings in violation of his constitutional rights.

*(1)     Negligent acts do not raise constitutional claims.*

The Supreme Court has held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty, or property." *Daniels v. Williams,* 474 U.S. 327, 328 (1986).  The Fifth Circuit has held in a number of contexts that allegations amounting to negligence cannot support a § 1983 claim.  *See e.g. Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993) (no constitutional violation based on negligent medical care); *Hare v. City of Corinth,* 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (negligence insufficient to support failure to protect claim under § 1983); *Eason v. Thaler,* 73 F.3d 1322, 1328-29 (5th Cir. 1996) (negligence cannot support § 1983 action for deprivation of religious rights or for an Eighth Amendment claim based upon prison officials' alleged gross negligence in permitting a gas leak to occur); *Doe v. Taylor Indep. Sch. Dist.,* 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds,* 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the constitution.").  To the extent Plaintiff claims that Defendants were negligent in failing to bring his personal property to the Property Storage Room but

instead, mistakenly took it, or left it, to the Building Supply Room, he fails to state a cognizable constitutional claim.

    *(2)    Intentional loss of property claim must be pursued in State court.*

The Fourteenth Amendment of the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 534-35 (1984); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). A claimant must either take advantage of the available remedies or show that the available remedies are inadequate. *Hudson*, 468 U.S. at 534-35.

Texas law allows recovery of monetary damages for the loss of property that has been taken without authorization. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App.– San Antonio 1978, no writ) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights). In addition, state law specifically provides that inmates may recover up to $500.00 on a claim that the TDCJ lost or damaged personal property. *See* Tex. Gov't Code § 501.007.

Because Texas law provides an adequate post-deprivation remedy, Plaintiff's loss of his personal property does not state a violation of the Due Process Clause. *See Hudson*, 468 U.S. at 536 (noting that, even when a prisoner's property was intentionally

destroyed, such destruction did not violate the Fourteenth Amendment because state law provided the prisoner with an adequate post-deprivation remedy).

A prisoner-plaintiff may bring suit in federal court for property loss only if relief is denied in state court on grounds other than the merits of his claim. *See Thompson v. Steele*, 709 F.2d 381, 383 n.3 (5th Cir. 1983). The burden is on the inmate to show that the post-deprivation remedy is inadequate. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Plaintiff testified that he has not filed suit in state court pursuant to § 501.007 or for conversion. Because Plaintiff has not pursued his state court remedies he cannot allege that the post-deprivation remedy available to him is inadequate. As such, Plaintiff's claim for property loss fails to state a cognizable constitutional claim.

  (3) *Failure to follow TDCJ Rules or Policies.*

Plaintiff claims that the loss of his property was also the direct cause of Defendants failing to follow TDCJ's own written rules and policies concerning how offender property should be handled when an inmate transfers on medical chain. However, it is well-established that the violation of a TDCJ rule or regulation, without more, does not equate with a constitutional violation, and is not actionable. *Myers v. Klevenhagen,* 97 F.3d 91, 95 (5th Cir. 1996). Thus, even assuming that Defendants failed to follow TDCJ policy and that this failure caused the loss of Plaintiff's property, this allegation fails to state a cognizable constitutional violation.

  **C.** **Dissemination of personal information.**

Plaintiff claims that, following the mishandling and loss of his personal property on October 9, 2014, personal information became known to other prisoners and was even

used against him in a false disciplinary case. Plaintiff testified that prison officials discovered the fraud and the disciplinary charges against him were dismissed; however, he claims that the distribution of his personal information has caused him emotional distress for which he seeks damages.

First, it is well-established that prisoners retain a very minimal expectation of privacy. *See Hudson v. Palmer,* 468 U.S. 517 525-26 (1984) (limited expectation of privacy in prison cells and surroundings); *Doe v. Delie,* 257 F.3d 309, 315-16 (3d Cir. 2001) (limited privacy right with regard to medical information). However, even assuming that Plaintiff had a protected privacy interest in his personal letters, legal documents, and parole decisions, he is not entitled to damages for "emotional distress" as requested because he has failed to allege any corresponding physical injury. *See* 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury."). *And see Geiger v. Jowers,* 404 F.3d 371, 374-75 (5th Cir. 2005) (applying 1997e(e)'s physical injury requirement to inmate's First Amendment claims). Moreover, Plaintiff does not allege, let alone offer any evidence to suggest that Officer Forsab or Officer Santilliana were involved in the dissemination of his personal information. Plaintiff's claims for emotional distress based on the alleged misuse of personal information are dismissed for failure to state a cognizable constitutional violation.

D.     **Revealing of family information.**

In his final claim, Plaintiff alleges that his family and friends have been injured by the distribution of their personal information via the loss of his personal property. As a

nonlawyer, Plaintiff has no authority to bring the alleged claims of unidentified family or friends under his name in this lawsuit. *See generally* Rule 11(a). Fed. R. Civ. P; *Gonzales v. Wyatt,* 157 F.3d 1016, 1021 (5th Cir. 1998) (noting that in federal court, a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer). Accordingly, any claims Plaintiff is purportedly advancing on behalf of his family and friends for breach of their personal privacy are dismissed for failure to state a claim.

V.   **CONCLUSION.**

For the reasons stated above, Plaintiff's loss of property and privacy claims against Defendants are dismissed with prejudice for failure to state cognizable constitutional violations. However, this dismissal shall not count as a § 1915(g) strike because there is no dispute that Plaintiff's property was misplaced and lost. Plaintiff can pursue an action in state court for recovery of the property's value should he so desire.

ORDERED this 16th day of June, 2015.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE